# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 5332 | **DATE** | 10/14/2004 |
| **CASE TITLE** | Carmen Ross vs. Officer Garcia, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Order. Defendants' three affirmative defenses are hereby stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 18 2004 date docketed | 11 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/15/2004 date mailed notice | |
| SN | courtroom deputy's initials | 2004 OCT 15 AM 11:51 U.S. DISTRICT COURT CLERK | SN mailing deputy initials | |
| | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARMEN ROSS,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　　)　　No. 04 C 5332
　　　　　　　　　　　　　　　　　　　)
OFFICER W. GARCIA, et al.,　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants.　　　　　　 )

DOCKETED
OCT 1 8 2004

MEMORANDUM ORDER

Two of the defendants in this 42 U.S.C. §1983 ("Section 1983") action--Heidi Martin ("Martin") and her employer Chicago Veterinary Emergency Services Associated Ltd. ("Veterinary Services")--have filed their Answer, including three affirmative defenses ("ADs"), to the Complaint brought against them and two Chicago police officers by Carmen Ross ("Ross").[1] Because the ADs are at odds with the fundamental concept embraced in Fed. R. Civ. P. ("Rule") 8(c) and in the applicable caselaw (see App. ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001)), this memorandum order is issued sua sponte to strike all three ADs.

For Rule 8(c) purposes, just as is true under Rule 12(b)(6), a plaintiff's complaint allegations, together with all reasonable favorable inferences therefrom, are treated as gospel. That

---

[1] Martin and Veterinary Services had earlier moved to be dismissed from this action, but this Court rejected that motion in a brief September 30, 2004 memorandum order ("Order," issued the same day that the motion to dismiss was delivered to chambers).

being so, AD 1 ¶¶2 and 4 impermissibly contravene Complaint ¶11, AD 2 ¶¶2 and 3 impermissibly contravene Complaint ¶28 and AD 3 partakes of all of the same flaws as ADs 1 and 2, in addition to which AD 3 ¶9 impermissibly contradicts Complaint ¶24.

It should of course be understood that nothing is lost to Martin and Veterinary Services by such elimination of the ADs, because the same potential defenses remain available to them as a result of the Answer's having placed the Complaint's allegations in issue. But their counsel's errors are not limited to the ADs--look as well at the "Want of Knowledge Affidavit" appended to the Answer. Quite apart from the fact that federal practice (unlike state court practice) contains no requirement that any such affidavit be filed, it is of course totally irrelevant whether a <u>lawyer</u> (rather than the client) lacks knowledge and information sufficient to form a belief--nor is a lawyer in a position to swear that a client's denials to that effect "are true." That affidavit is stricken as well.

                                                  Milton I. Shadur
Senior United States District Judge

Date: October 14, 2004